## Kidder Township v. Kresge

*John P. Lavelle*, for plaintiff.

*Prutzman and Quinn*, for defendant.

HEIMBACH, P. J., June 2, 1965.—The above-named defendant was found guilty of violating a zoning ordinance in the Township of Kidder. We allowed an appeal. We now dispose of such appeal upon stipulation of facts filed by respective counsel.

We are called upon to determine the validity of a township ordinance prohibiting trailers equipped for or used for living purposes from being located any-

where in Kidder Township, other than in a "Park District", for more than 48 hours, except upon special permit issued by the zoning officer, limited to 30 days in any calendar year.

FINDINGS OF FACT

1. Kidder Township is a second class township.

2. On May 15, 1963, the supervisors of such township enacted a zoning ordinance, the relevant parts being as follows:

"WHEREAS, a Second Class Township is empowered to enact a zoning ordinance, provide for its administration, enforcement and amendment; to deem it necessary for the purpose of promoting health, safety, morals or general welfare of the township to enact such an ordinance, to regulate and restrict the height, number of stories and sizes of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts and open spaces, the density of population and the location and use of buildings, structures and land for trade, industry, residences or other purposes; to divide into districts as hereinafter described and that such regulations, restrictions and boundaries of districts shall be established, enforced and amended as provided in this ordinance.

"The enactment of this ordinance is pursuant to authority granted in the Second Class Township Code approved the 1st day of May, 1933, P. L. 103, as supplemented and amended for Townships in Pennsylvania.

"THE BOARD OF SUPERVISORS OF KIDDER TOWNSHIP, CARBON COUNTY, PENNSYLVANIA DO ORDAIN:

". . .

"ARTICLE II

"Section 201. (definitions):

"TRAILER or TRAILER-CABIN. A vehicle with

or without its own motive power, equipped for or used for living purposes, and mounted on wheels or designed to be so mounted and transported . . .

## "ARTICLE XII

### "Exceptions and Special Provisions

". . .

"Section 1100.10. Trailers

"No automobile trailer shall be parked and occupied in any district, other than a Park District for more than 48 hours except upon special permit issued by the Zoning Officer. Such permit may be issued for a period not exceeding 30 days and shall not be renewable within the same calendar year.

"As an exception to the above, a permit may be issued for parking and occupying a trailer on land owned by the occupant or occupants during construction of a house thereon for a period not exceeding 180 days. However, if material progress with house construction is not made within 45 days from issuance of permit or if construction work ceases for a consecutive period of 45 days, such permit shall become void.

"Not more than one trailer may be parked or occupied at the same time on any single premises in any Rural or R-1 or R-2 Residence District. Not more than one trailer, unoccupied may be parked at the same time on any single premises in a Rural, R-1 or R-2 Residence District. No trailer shall be parked off street at any time in any district closer to a front building line than 50 feet.

". . .

## "ARTICLE III

### "Establishment of Regions and Districts

"Section 300. Map Designation of Districts.

"Section 300.1. Map. Kidder Township is divided for the purposes of this Ordinance into five (5) regions, which are bounded and defined on the previously desig-

nated map entitled 'Zoning Map of Kidder Township' which accompanies and is made part of this Ordinance.

"Section 301.1. Regions Defined.
"301.2 Bear Creek
"301.3 Lake
"301.4 Albrightsville
"301.5 Tannery
"301.6 Hickory Run
". . .

## "ARTICLE X
## "PARK DISTRICTS

"Section 1000
"Section 1000. Permitted Use

"1001.1 Rules and Regulations of the Department of Forests and Waters of the Commonwealth of Pennsylvania, for the administration of its State Park located within the Township are included herein (by reference) and incorporated as part of this ordinance.

"1001.2. The said rules and regulations are not limited to Hickory Run State Park, but shall be applied to any designated 'Park' within Kidder Township".

(The court has not seen the map, but parties agree this park area is extensive; thus, we find such a fact.)
". . .

## "ARTICLE XV

"Enforcement, Remedies, Interpretation,
"Amendments, Separability and Effective date.
"Section 1500
"Section 1501. Penalties. For any and every violation of the provisions of this Ordinance, the owner, general agent or contractor of a building or premises where such violation has been committed or shall exist, and the lessee or tenant of an entire building or entire premises where such violation has been committed or shall exist and the owner, general agent, contractor or lessee or tenant of any part of a building or premises in which part such violation shall have been committed

or shall exist, the general agent, architect, builder, contractor or any other person who knowingly commits, takes part or assists in any such violation or maintains a building or premises in which any such violation has been committed, shall be liable on conviction thereof to fine or penalty not less than ten (10) dollars or more than three hundred ($300.00) dollars for each and every offense; and whenever such person shall have been notified by the zoning Administrator or by service of a summons in a prosecution or in any other way that he is committing such violation of this Ordinance, each day that he shall continue such violation after notification shall constitute a separate offense punishable by a like fine or penalty.

"Section 1502. Remedies Open to Zoning Administrator:

"In case any building or structure is erected, constructed, reconstructed, altered, repaired, converted or maintained or any building, structure or land is used or any hedge, tree, shrub or other growth is maintained in violation of this Ordinance, or any other regulation made pursuant hereto, in addition to other remedies provided by law, any appropriate action or proceedings whether by legal process or otherwise may be instituted or taken to prevent such unlawful erection, construction, reconstruction, alteration, repair, conversion, maintenance or use to restrain, correct, or abate such violations to prevent the occupancy of said building, structure, land or to prevent any illegal act, conduct business or use in, on or about such premises".

3. Contrary to the ordinance, and without having obtained a permit, defendant placed a trailer that comes within the definition of "trailer" on leased land outside of the park area, and permitted the same to remain there from some time prior to November 25, 1964, to the present time.

4. The trailer is 57 feet 10 inches long and 7 feet

10 inches wide. It was, at the time of the alleged offense, equipped as follows: Kitchen, with sink, stove and a refrigerator; living room, wherein was a sofa, a telephone, office equipment, and an oil-fired furnace; two bedrooms, one small, one large. In the small bedroom was a set-up ironing board, with a bag of wash alongside, and in the latter was a double bed, with mattress and springs, but without blankets or sheets.

5. Defendant was using the trailer as an office to conduct her business as a justice of the peace, and not for living purposes.

6. Defendant received notice from the zoning board that she was in violation of section 1100.10 of the ordinance, in that she failed to obtain a permit to keep the trailer at such site for more than 48 hours.

## Discussion

We are of the opinion that section 1100.10 of the zoning ordinance was properly adopted as a measure which reasonably promotes the health, safety and general welfare of the people of Kidder Township, under the police powers of the township. We are cognizant of the fact that all of Kidder Township is a recreational area, with many trailers using the highways and byways, some staying permanently, others merely overnight and others for days and months. It appears indisputable that reasonable regulations are in order, if garbage and refuse of all kinds are not to be strewn about to the detriment of the health of those in the vicinity; likewise, it would be impossible to provide sanitary sewage facilities, water facilities and the like, at all places where those with trailers may stop. In addition, the fire hazard, since Kidder Township is a highly wooded area, would be great. Obviously, trailers confined to a park area may be more readily controlled to prevent harm.

Defendant says that as to her the ordinance is illegal, invalid and unconstitutional, since she is not us-

ing the trailer for living purposes, but for office purposes. Plaintiff says the use she presently is making of the trailer is of no importance. The trailer was "equipped for living purposes", and, being so equipped, its location is relegated to a "Park District".

The issue here is whether this zoning ordinance is arbitrary, capricious, discriminatory or confiscatory, so as to unconstitutionally deprive defendant of the use of land leased to her.

We do not deem it a hardship on the part of this defendant, or any other trailer owner who uses the same for other than living purposes, to eliminate from such trailer the equipment that brings that particular trailer within the provisions of the ordinance. Should we hold otherwise, we would make it necessary for these enforcing the provisions of the ordinance first to determine the use of a trailer parked other than in a "Park District". The vexing problems that would arise are clearly apparent. All sorts of contentions as to the trailer's use would be made, with inevitable delays in construing its use. Before a decision would be or could be made, the trailer operator, in many cases, and without penalty, would move elsewhere, leaving behind most likely unsightly and unhealthy evidence of his presence, to the detriment of the township.

Defendant argues that, with a finding of fact that defendant used such trailer for a business office and not for living purposes, she should be acquitted of the charge of violating the ordinance. We disagree. To allow such defense to prevail would place an extreme burden on the ordinance enforcement officers to police every trailer equipped for living purposes, but used otherwise, to determine if and when the use changed to living purposes. The same vexing problems as set forth, supra, would arise.

The burden of proving clearly and unmistakably the unconstitutionality of a legislative enactment is upon

the person so asserting. Accompanying this burden is the rule that " ' . . . where the constitutionality of zoning ordinances has been attacked, we have presumed that the municipal [or township] legislative body acted with purpose to serve the public welfare and that all intendments are in favor of their action' ": Anstine v. Zoning Board of Adjustment, 411 Pa. 33, 36, 37, and cases cited therein.

It is our duty, instead of defeating the purpose of an ordinance and violating it, to resolve any doubt in regard to its construction in favor of its validity: Whitpain Township v. Bodine, 372 Pa. 509, 511; Lord's Appeal, 368 Pa. 121.

For reasons stated supra, we find there is a direct relationship between "trailer", as defined in the ordinance, being parked outside of a park district, and the public health and welfare.

What was said by the Supreme Court of New Jersey in Napierkowski v. Gloucester Township, 29 N. J. 481 (1959), and quoted with approval in Douglass Township v. Badman, 84 Mont. 351, 353, a case strikingly similar to the case at bar, is apposite.

"In our view prohibition of trailers as residences at other than duly licensed trailer parks or camps is a reasonable exercise of the police power, designed to promote the general health, safety and welfare of the municipality by assuring that adequate provisions are made for drainage, sewerage facilities, water and lighting of trailers and operates to centralize and facilitate enforcement of the aforesaid requirements.

"An examination of the authorities, without this jurisdiction, reveals that local ordinance provisions restricting trailers to licensed parks are commonplace, and have been upheld by the Courts as reasonably adapted to promote the health, safety and general welfare of the community . . .

"*Provisions for the utilization of trailers in licensed*

*trailer parks as distinguished from the private lot of the trailer owner does not amount to total prohibition, but rather falls within the confines of reasonable regulation . . .*" (Italics supplied.)

We likewise quote Judge Henninger's statement in Township of Whitehall v. Oswald, 50 Mun. L. R. 270, 274, another case similar to the case at bar:

"Even if it be conceded that there is a right to regulate the use of trailers, defendants point to the fact that as to them, the ordinance is prohibiting and not regulatory. That point had been considered in numerous cases decided by the United States Supreme Court. In Kovacs v. Cooper, 336 U. S. 77, it is stated: 'All regulatory enactments are prohibitory so far as their restrictions are concerned . . .' The question then is not whether the ordinance prohibits the particular situation which defendants seek to create, but whether such prohibition is a reasonable regulation within the field of the relation of trailers and public health and welfare".

The case of Anstine v. Zoning Board of Adjustment, 411 Pa. 33, is readily distinguishable from the case at bar. In the Anstine case the ordinance designated a trailer in every other district but "R-Residential District" as a single-family home. In "R-Residential District", the ordinance stated it shall be considered as a particular type of dwelling use, and shall be located within a permitted trailer camp. This, the court said, was arbitrary.

For the above-stated reasons, we will enter an order finding defendant guilty of violating section 1100.10 of the ordinance in question.

We heard this matter de novo: Campeotto v. Sochanski, 26 Lehigh 281. We are obliged to fix the penalty: 51 C. J. S. p. 361, §220. The penalties provided in the ordinance are a minimum of $10 and a maximum of $300. We conclude defendant has not intentionally vio-

lated the ordinance. She did not use the trailer for living quarters but as an office, and had the trailer been fitted as an office and not for living quarters, she would not have been guilty of any offense. We will impose the minimum penalty of $10.

We will make the following

### ORDER

Now, June 2, 1965, it is hereby declared, adjudged and decreed that section 1100.10 of article XII of Kidder Township Zoning Ordinance is a valid and constitutional exercise of the power of the supervisors to protect the health, morals and welfare of the citizens of said township, and that defendant, by having set up a trailer equipped for living purposes in an area other than a "park district" without having obtained a permit to do so, has violated the said ordinance and is subject to the penalties therein.

Defendant is directed to appear for sentence in the court room, at Jim Thorpe, Pa., on June 14, 1965, unless she remits to the prothonotary of Carbon County the sum of $10, plus costs, on or before such date.